IN THE UNITED STATES DISTRICT COURT
FOR THE SOUTHERN DISTRICT OF ILLINOIS

| | |
|---|---|
| UNITED STATES OF AMERICA,<br><br>Plaintiff,<br><br>v.<br><br>DONALD L. ROBERTS,<br><br>Defendant. | Case No. 3:20-CR-30118-NJR |

# MEMORANDUM AND ORDER

**ROSENSTENGEL, Chief Judge:**

Pending before the Court is a Motion Requesting Credit for Time Served in a Halfway House filed by Defendant Donald L. Roberts (Doc. 42), as well as a Motion to Dismiss filed by the United States of America (Doc. 44).

On September 8, 2021, the Court sentenced Roberts to 48 months' imprisonment and three years' supervised release following his guilty plea to Felon in Possession of a Firearm, in violation of 18 U.S.C. § 922(g)(1) and pursuant to 18 U.S.C. § 924(a), and Distribution of Cocaine, in violation of 21 U.S.C. § 841(a)(1) and pursuant to 21 U.S.C. § 841(b)(1)(C). (Doc. 35). Roberts is incarcerated at Montgomery FPC in Montgomery, Alabama, with an anticipated release date of November 22, 2024.[1] After his sentencing, Roberts filed motions to extend his Bureau of Prisons ("BOP") report date twice, both of which the Court granted. (Docs. 38, 40). Roberts eventually reported to BOP on March 17, 2022. During his BOP report date extension, Roberts indicates that he resided in a halfway

---

[1] https://www.bop.gov/inmateloc/ (last visited Nov. 17, 2023).

house.

Roberts believes that he should receive credit towards his federal sentence for the time he spent in the halfway house. In response, the Government argues that the Court lacks jurisdiction under Federal Rules of Criminal Procedure 35 and 36 to correct or amend Roberts's judgment or sentence if he seeks relief pursuant to those rules. And further, the Government contends that, to challenge a sentence calculation, he must exhaust his administrative remedies through the BOP and eventually file a petition under 28 U.S.C. § 2241 in the district where he is currently confined—the Middle District of Alabama.

The Government is correct that this Court lacks jurisdiction under Rules 35 and 36 to correct or reduce Roberts's sentence. Under Rule 35, "[w]ithin 14 days after sentencing, the court may correct a sentence that resulted from arithmetical, technical, or other clear error." FED. R. CRIM. P. 35(a). As for Rule 36, a "court may at any time correct a clerical error in a judgment, order, or other part of the record, or correct an error in the record arising from oversight or omission." FED. R. CRIM. P. 36. Here, neither rule triggers jurisdiction for the Court to act. First, Roberts filed his motion almost a year and a half after sentencing, outside the bounds set in Rule 35. Second, he contends that he should have received credit for time spent in a halfway house facility after his sentencing. This does not relate to the Court's imposed sentence or judgment. So, even under Rule 36, there is no error—clerical or otherwise—to be corrected in the Court's judgment or in another order of the Court. The Court cannot provide any relief under these rules.

Rather than a motion to correct his sentence or judgment, the Court understands

Roberts's request as a challenge to the calculation of his sentence including applicable credits. Under 18 U.S.C. § 3585(b), a defendant may receive credit toward the service of a term of imprisonment for time spent in official detention prior to the date the sentence commences. But the BOP, not the district court, computes sentence credits under 18 U.S.C. § 3585(b) after a sentence has been imposed. *United States v. Lemus-Rodriguez*, 495 Fed. App'x 723, 726 (7th Cir. 2012). Thus, "[a] district court has no power to give credit for time served; that authority rests solely with the BOP." *Kane v. Zuercher*, 344 Fed. App'x 267, 268 (7th Cir. 2009). A petition under Section 2241 is the appropriate means to contest the BOP's calculation of the date on which a prisoner must be released. *Von Kahl v. Segal*, 19 F.4th 987, 988 (7th Cir. 2021); 28 U.S.C. § 2241. Typically, courts require prisoners to exhaust the administrative remedies offered by the BOP before entertaining a habeas petition. *Clemente v. Allen,* 120 F.3d 703, 705 (7th Cir. 1997). Moreover, a Section 2241 petition must be brought in the district where the prisoner is incarcerated. *Chazen v. Marske,* 938 F.3d 851, 860 (7th Cir. 2019). For Roberts, the proper court would currently be the Middle District of Alabama.

For these reasons, the Motion Requesting Credit for Time Served filed by Defendant Donald L. Roberts (Doc. 42) is **DENIED**. The Motion to Dismiss filed by the United States of America (Doc. 44) is **GRANTED**.

**IT IS SO ORDERED.**

DATED:   November 20, 2023

_____
**NANCY J. ROSENSTENGEL**
**Chief U.S. District Judge**